IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SETH EDWIN KOCH,                           6:12-CV-00613-BR

           Plaintiff,                      OPINION AND ORDER

v.

ROBERT JESTER, KAREN BRAZEAU,
BOBBY MINK, COLETTE PETERS,
MAX WILLIAMS, GARY LAWHEAD,
MIKE COZNER, MICHAEL RIGGINS,
DARIN HUMPHREYS, DARWIN
CRABTREE, DAVID SCHRENK,
DAVID HANSEN, and JOHN AND
JANE DOES #1-10, each sued in
their individual and official
capacities,

           Defendants.


JESSE A. MERRITHEW
Levi Merrithew Horst LLP
610 S.W. Alder Street
Suite 415
Portland, OR 97205
(971) 229-1241

           Attorneys for Plaintiff


1 - OPINION AND ORDER

**ELLEN ROSENBLUM**
Attorney General
**HEATHER J. VAN METER**
Assistant Attorney General
1162 Court Street N.E.
Salem, OR 97301
(503) 947-4700

        Attorneys for Defendants

**BROWN, Judge.**

    This matter comes before the Court on Defendants' Motion
(#84-1) to Dismiss and Alternative Motion (#84-2) for Abstention.
For the reasons that follow, the Court **GRANTS** Defendants' Motion
to Dismiss and **DENIES as moot** Defendants' Motion for Abstention.


                            <u>BACKGROUND</u>

    The following facts are taken from Plaintiff's Second
Amended Complaint.

    On April 9, 2001, Plaintiff Seth Edwin Koch was indicted in
Deschutes County Circuit Court on five counts of Aggravated
Murder, five counts of Conspiracy to Commit Aggravated Murder,
two counts of Attempted Murder, one count of Assault in the
Second Degree, one count of Kidnapping in the First Degree, three
counts of Robbery in the First Degree, three counts of Burglary
in the First Degree, and two counts of Theft in the First Degree.

    On August 2, 2002, Plaintiff pled guilty to two counts of
Aggravated Murder, two counts of Conspiracy to Commit Aggravated

Murder, two counts of Attempted Murder, one count of Assault in the Second Degree, one count of Kidnapping in the First Degree, and two counts of Robbery in the First Degree.

On August 14, 2002, Plaintiff was sentenced to a 90-month term of imprisonment on one count of Robbery in the First Degree. Disposition of the remaining counts to which Plaintiff pled guilty was continued for a penalty-phase trial.

At some point after August 14, 2002, Plaintiff was incarcerated at MacLaren Youth Correctional Facility because he was a minor.

On July 30, 2003, Plaintiff waived his right to a jury for the penalty phase and sentencing.  On August 14, 2003, Plaintiff was sentenced to two separate sentences of life in prison without the possibility of parole for the two counts of Aggravated Murder, 120 months for each of the two counts of Conspiracy to Commit Aggravated Murder, 70 months for one count of Assault in the Second Degree, and 90 months "for each of the remaining counts" to be served consecutively.

Plaintiff's incarceration was continued at MacLaren in the Secure Intensive Treatment Program (SITP) until Plaintiff was transferred to the custody of the Oregon Department of Corrections (ODOC) on April 8, 2010.  Under SITP

> each offender achieved a level commensurate with
> his behavior, progress and other factors, which
> would be described by both a color corresponding
> to the level and a number corresponding to the

> number of weeks the offender has maintained that
> color level (*i.e.*, "Green 50" for 50 weeks at the
> Green level).  An offender who progressed in the
> behavior management system to higher levels
> enjoyed increased freedom and amenities.

Second Am. Compl. at ¶ 55.

Plaintiff alleges the following with respect to SITP:

> Under SITP . . . an offender with any type of
> legal proceeding, including appeals or collateral
> attacks on his conviction, could not progress
> beyond a relatively low level of "Green 25."

> Under SITP . . . an offender who pursue[d] legal
> challenges to his convictions was precluded from
> participating in the Violent Offender Group, which
> was a requirement of SITP Defendants' treatment
> management system.

> Under SITP . . . offenders could face discipline
> or removal from SITP as a result of pursuing legal
> challenges to their convictions and their
> resulting non-participation in the Violent
> Offender Group.

> SITP and Doe Defendants threatened that, if
> Plaintiff insisted on pursuing his challenges to
> his convictions and sentences, he would be
> transferred to the adult prison.

Compl. at ¶¶ 56-59.

On April 8, 2010, Plaintiff was transferred from the custody of the Oregon Youth Authority (OYA) to the custody of the Oregon Department of Corrections (ODOC) because he was no longer a minor.

On July 6, 2010, Plaintiff filed a petition for post-conviction relief in Marion County Circuit Court.  Appointed Counsel represented Plaintiff in that matter.

On April 9, 2012, Plaintiff filed a *pro se* Complaint in this
Court pursuant to 42 U.S.C. § 1983 against numerous employees of
OYA.  Plaintiff alleged Defendants denied him access and
interfered with his access to the courts in violation of the
First and Fourteenth Amendments to the United States
Constitution.

On December 17, 2012, Defendants filed a Motion to Dismiss
Plaintiff's claims on the grounds that Plaintiff failed to state
a claim and Plaintiff could not bring his claims against
Defendants in federal court pursuant to the Eleventh Amendment.

On February 5, 2013, the Court appointed counsel to
represent Plaintiff in this matter.

On June 17, 2013, Plaintiff filed a Motion for Leave to File
Amended Complaint for the purpose of, among other things,
addressing issues raised by Defendants in their Motion to
Dismiss.

On August 7, 2013, the Court granted Plaintiff's Motion for
Leave to File Amended Complaint and denied Defendants' Motion to
Dismiss.

On August 16, 2013, Plaintiff filed an Amended Complaint
against various Directors of OYA, Superintendents of MacLaren,
and Treatment Managers at MacLaren alleging claims under § 1983
for denying him access and interfering with his access to the
courts in violation of the First and Fourteenth Amendments.

Plaintiff sought declaratory relief, injunctive relief, and
damages.

On September 4, 2013, Defendants filed a Motion to Dismiss
Plaintiff's Amended Complaint.

On December 9, 2013, the Court issued an Opinion and Order
granting in part and denying in part Defendants' Motion to
Dismiss.  Specifically, the Court granted Defendants' Motion as
to Plaintiff's claim for declaratory relief, Plaintiff's claims
against Defendants in their official capacities, and Plaintiff's
claims for injunctive relief.  The Court denied Defendants'
Motion as to Plaintiff's claims for denial of access and
interference with access to the courts in violation of the First
and Fourteenth Amendments and Plaintiff's claim for declaratory
relief.

On December 18, 2013, Plaintiff filed a Second Amended
Complaint against various Directors of OYA, Superintendents of
MacLaren, and Treatment Managers at MacLaren alleging claims
under § 1983 for denying him access and interfering with his
access to the courts in violation of the First and Fourteenth
Amendments.  Plaintiff included allegations setting out the
specific claims challenging his conviction and sentence that he
would have raised in his state post-conviction relief (PCR) and
federal habeas petitions if he had been allowed to file those
while in OYA custody without "fac[ing] discipline or removal from

6 - OPINION AND ORDER

SITP" or risking transfer to an adult prison.

On January 17, 2014, Defendants filed a Motion to Stay Proceedings in which they requested the Court to stay this matter to allow them to discuss with the parties in Plaintiff's PCR proceeding "options for case handling, which options may include a delayed direct appeal or other options directly impacting this case."

On February 14, 2014, the Court entered an Order granting Defendants' Motion to Stay and staying this matter for 60 days.

On March 17, 2014, the Court entered an Order at the request of the parties referring this matter to mediation.

On April 14, 2014, Plaintiff filed a Report on Status in which he advised the Court that mediation was futile and Plaintiff's PCR action was "proceeding in normal course [and] [r]esolution . . . is neither imminent or likely."

On April 28, 2014, the Court entered an Order directing Defendants to "file any challenges to the case going forward" no later than May 19, 2014, and setting a case schedule.

On May 19, 2014, Defendants filed a Motion to Dismiss and Alternative Motion for Abstention.  The Court took Defendants' Motion under advisement on June 18, 2014.

**DEFENDANTS' MOTION (#84-1) TO DISMISS**

I.    **Standards**

> To survive a motion to dismiss, a complaint must
> contain sufficient factual matter, accepted as
> true, to "state a claim to relief that is
> plausible on its face." [*Bell Atlantic v.
> Twombly*, 550 U.S. 554,] 570, 127 S. Ct. 1955.  A
> claim has facial plausibility when the plaintiff
> pleads factual content that allows the court to
> draw the reasonable inference that the defendant
> is liable for the misconduct alleged.  *Id*. at 556.
> . . .  The plausibility standard is not akin to a
> "probability requirement," but it asks for more
> than a sheer possibility that a defendant has
> acted unlawfully.  *Ibid*.  Where a complaint pleads
> facts that are "merely consistent with" a
> defendant's liability, it "stops short of the line
> between possibility and plausibility of
> 'entitlement to relief.'"  *Id*. at 557, 127 S. Ct.
> 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  *See also Bell
Atlantic*, 550 U.S. at 555-56.  The court must accept as true the
allegations in the complaint and construe them in favor of the
plaintiff.  *Din v. Kerry*, 718 F.3d 856, 859 (9th Cir. 2013).

"In ruling on a 12(b)(6) motion, a court may generally
consider only allegations contained in the pleadings, exhibits
attached to the complaint, and matters properly subject to
judicial notice."  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir.
2012)(citation omitted).  A court, however, "may consider a
writing referenced in a complaint but not explicitly incorporated
therein if the complaint relies on the document and its
authenticity is unquestioned."  *Swartz v. KPMG LLP*, 476 F.3d 756,

8 - OPINION AND ORDER

763 (9th Cir. 2007)(citation omitted).

## II.  Discussion

As noted, Plaintiff brings claims for denial of access and interference with his access to the courts in violation of the First and Fourteenth Amendments.  Defendants move to dismiss Plaintiff's claims on the grounds that (1) pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), Plaintiff's exclusive remedy is in habeas corpus; (2) Plaintiff's claims are premature; and (3) Plaintiff's claims are subject to the *Rooker-Feldman* doctrine.

In *Heck v. Humphrey* the Supreme Court held "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."  512 U.S. 477, 481 (1994).  Thus, a plaintiff cannot maintain a § 1983 action to recover damages for "harm caused by actions whose unlawfulness would render [his] conviction or sentence invalid" when his sentence and conviction have not previously been reversed, expunged, declared invalid, or called into question upon issuance of a writ of habeas corpus by a federal court.  *Id*. at 486-87.  The Supreme Court has also extended this holding to civil-rights actions in which the plaintiffs seek declaratory or injunctive relief as well as damages.  *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

Although the Ninth Circuit has not addressed the
intersection of the First Amendment and *Heck* as they apply to an
inmate's claim for denial of access to the courts, the Seventh
Circuit and several district courts in the Ninth Circuit have
addressed the issue and held *Heck* bars such claims.  For example,
in *Burd v. Sessler*, 702 F.3d 429 (7th Cir. 2012), the plaintiff
brought a claim under § 1983 for damages against prison officials
alleging they denied him access to the courts in violation of the
First Amendment when they prevented him from using library
resources to prepare a motion to withdraw his guilty plea.  The
plaintiff's conviction had not been reversed, expunged, declared
invalid, or called into question upon issuance of a writ of
habeas corpus by a federal court before the plaintiff filed his
§ 1983 action.  The defendant moved to dismiss the plaintiff's
claim on the ground that it was barred by *Heck* because the
plaintiff's conviction had not been reversed.  The plaintiff
asserted the "favorable termination requirement of *Heck* . . .
[was] inapplicable because an award of damages for having been
denied an opportunity to research his motion to withdraw his plea
or his right to appeal his sentence would not necessarily imply
that his conviction or sentence is invalid."  *Id*. at 432.
Specifically, the plaintiff asserted

> his access-to-courts claim [did] not challenge
> directly his underlying criminal conviction,
> despite the fact that . . . he sought access to
> the courts to withdraw his guilty plea.  Invoking

> *Lewis v. Casey* . . . and *Christopher v. Harbury*,
> 536 U.S. 403, 122 S. Ct. 2179, 153 L. Ed.2d 413
> (2002), [the plaintiff] further argue[d] that "the
> loss of an opportunity to seek some particular
> order of relief" can form the basis of an
> access-to-courts claim. *Harbury*, 536 U.S. at 414,
> 122 S. Ct. 2179 (emphasis added). Consequently,
> [the plaintiff] maintain[ed] that he need only
> demonstrate that his lost, underlying claim—here,
> a lost opportunity to withdraw a guilty plea or to
> appeal—would have been non-frivolous or
> "arguable," not that it would have been
> successful.

*Id*. at 433. The district court rejected the plaintiff's argument

and granted the defendant's motion to dismiss on the ground that

"a favorable determination on [the plaintiff's] damages claim

necessarily would imply the invalidity of [the plaintiff's]

conviction," and, therefore, the plaintiff's claim was barred by

*Heck*. The Seventh Circuit affirmed the district court and noted

the plaintiff's argument gave "too crabbed a reading to the scope

of the bar established in *Heck*." *Id*. The Seventh Circuit

pointed out that it had concluded in an earlier case (*Hoard v.*

*Reddy*, 175 F.3d 531 (9th Cir. 1999)) "'that only prospective

relief is available in a prisoner's suit complaining of denial of

access to the courts unless he has succeeded in getting his

conviction annulled, since otherwise an effort to obtain damages

would be blocked by *Heck*.'" *Burd*, 702 F.3d at 433 (quoting

*Hoard*, 175 F.3d at 533). Although the Seven Circuit acknowledged

that ruling "seem[s] paradoxical alongside *Lewis*'s holding that a

§ 1983 plaintiff in an access-to-courts case needs only a

non-frivolous, rather than meritorious, claim," the Seventh

Circuit, nevertheless, concluded the following after examining

*Lewis*, *Heck*, and other cases:

> Because the underlying claim for which [the
> plaintiff] sought access to the prison law library
> was the opportunity to withdraw his guilty plea,
> he cannot demonstrate the requisite injury without
> demonstrating that there is merit to his claim
> that he should have been able to withdraw the
> plea.  Such a showing necessarily would implicate
> the validity of the judgment of conviction that he
> incurred on account of that guilty plea.  The rule
> in *Heck* forbids the maintenance of such a damages
> action until the plaintiff can demonstrate his
> injury by establishing the invalidity of the
> underlying judgment.  Accordingly, we conclude
> that [the plaintiff] has not established a basis
> for recovering any type of damage relief under
> § 1983.

*Id*. at 434-35.

District courts in the Ninth Circuit have followed the

reasoning of the Seventh Circuit and concluded pursuant to *Heck*

that, until their conviction or sentence has been overturned,

inmates cannot bring claims for damages for denial of access to

legal materials or legal assistance to aid them in challenging

some aspect of their conviction or sentence.  *See, e.g., Gregory*

*v. County of San Diego,* No. 13cv1016-WQH-JMA, 2013 WL 5670928, at

*5 (S.D. Cal. Oct. 15, 2013); *Collins v. Corr. Corp. of Am.*,

No. 3:10-cv-00697-RCJ-V, 2011 WL 768709, at *2 (D. Nev. Jan. 26,

2011); *Cole v. Sisto*, Civ. No. S-09-0364 KJM P, 2009 WL 2230795,

at *4 (E.D. Cal. July 24, 2009).

As noted, Plaintiff alleges he would have faced discipline

12 - OPINION AND ORDER

or removal from SITP and/or transfer to an adult prison if he had
pursued legal challenges to his conviction, and, therefore, he
could not, in effect, feasibly pursue habeas until he was no
longer in OYA custody.  Plaintiff also alleges he would have
filed an appeal of his conviction and/or a state PCR proceeding
challenging his conviction and sentence if he had not been denied
access to the courts during his time at OYA.  As noted, the
record reflects Plaintiff's state PCR proceeding is ongoing and
Plaintiff's conviction has not been overturned, expunged, or
called into question by the issuance of a writ of habeas corpus
by a federal court.  Absent precedent to the contrary, the Court
concludes the reasoning in *Burd, Hoard*, and the district court
cases in the Ninth Circuit is inevitably persuasive, and,
therefore, the "favorable termination" requirement of *Heck*
applies under these circumstances.  Accordingly, the Court
concludes Plaintiff's claim for denial of access to the courts is
premature, and Plaintiff may not bring such a claim until his
conviction has been "reversed, expunged, declared invalid, or
called into question upon issuance of a writ of habeas corpus by
a federal court."  *Heck*, 512 U.S. at 487.

Accordingly, the Court grants Defendant's Motion to Dismiss
Plaintiff's claims.  Because the Court grants Defendant's Motion
to Dismiss, the Court denies as moot Defendant's Alternative
Motion for Abstention.

13 - OPINION AND ORDER

## CONCLUSION

For these reasons, the Court **GRANTS** Defendants' Motion (#84-1) to Dismiss, **DENIES as moot** Defendant's Alternative Motion (#84-2) for Abstention, and **DISMISSES** this matter **without prejudice.**

IT IS SO ORDERED.

DATED this 31st day of July, 2014.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

14 - OPINION AND ORDER